IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MOTT'S LLP,<br><br>              *Plaintiff*,<br>v.<br><br>COMERCIALIZADORA ELORO, S.A.,<br>and VILORE FOODS COMPANY, INC.,<br><br>              *Defendants*. | Civil Action No. _____ |

**PLAINTIFF'S COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

Plaintiff Mott's LLP ("Plaintiff" or "Mott's") files this complaint and request for injunctive relief against Comercializadora Eloro, S.A. ("Eloro") and Vilore Foods Company, Inc. ("Vilore") for trademark infringement, trademark dilution, false advertising, and unfair competition.

## I.   PARTIES

1. Plaintiff is a limited liability partnership organized under the laws of Delaware. Plaintiff's principal place of business is located at 5301 Legacy Drive, Plano, Texas 75024.

2. Defendant Comercializadora Eloro, S.A. is a foreign corporation organized under the laws of Mexico. Upon information and belief, it is a subsidiary of Grupo Jumex. Eloro's principal address is Carretera Mexico Pachuca, Kilometro 12.5, Rustica Xalostoc, Ecatepec de Morelos, Mexico 55340. Eloro will be served through the Hague Convention.

3. Defendant Vilore Foods Company, Inc. is a Texas corporation. Its principal address is 3838 Medical Drive, San Antonio, Texas 75229. It can be served through its registered agent Mark D. Willett, 602 East Calton Rd., Laredo, Texas 78042-1262.

## II. JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the federal law claims under 15 U.S.C. § 1051 et. seq., pursuant to 28 U.S.C. §§ 1331 and 1338. This Court also has jurisdiction over the claims in this complaint under the Lanham Act, 15 U.S.C. § 1121.

5. This Court also has jurisdiction over the state law claims in this lawsuit pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendants have committed tortious acts in this district, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district. Specifically, the products sold by Defendants have been sold in this judicial district.

## III. FACTS

7. Mott's was founded in 1842 and is a leading producer of juice products throughout the United States.

8. Mott's owns numerous trademarks and copyrights, including U.S. Trademark Reg. No. 699,486 ("Clamato® Trademark").[1]

9. Mott's uses the Clamato® Trademark to market and sell Clamato® tomato juice cocktail throughout the United States.

10. The Clamato® Trademark maintains a long and distinct history in the United States and is widely recognized by the public throughout this district.

11. Clamato® juice is a tomato juice cocktail with additional flavor from clam broth.

---

[1] A true and correct copy of U.S. Trademark Reg. No. 699,486 is attached as Exhibit 1.

12. The Clamato® tomato juice cocktail was invented in California in the 1960's and created an entirely new category of blended juice beverages known as "seafood blends." A depiction of Clamato® is shown below.



13. Clamato® tomato juice cocktail was the first in its class, and the Clamato® Trademark has maintained its prominent national recognition among seafood blend juice cocktails for decades.

### Kermato Juice

14. In 2015, Defendant Eloro began marketing and selling a competing tomato juice cocktail in the United States. Eloro calls its tomato juice cocktail "Kermato." Eloro's marketing in 2015 explained that the name "Kermato" was created by combining the words Clamato® and Kern's. Kern's was a company that had previously made a tomato and clam beverage. Grupo Jumex, which is Eloro's corporate parent, acquired Kern's in 2013.

15. Eloro sells "Kermato" in the United States, including in this judicial district. Eloro sells "Kermato" in the United States, through its distributor, Defendant Vilore, which distributes Grupo Jumex products, including Eloro's "Kermato."

16. The visual and audible similarities of "Kermato" confuse, or are likely to confuse, consumers into believing "Kermato" tomato juice cocktail is affiliated with Clamato® tomato juice cocktail.

17. Defendants profit from using a name that is confusingly similar to Clamato® in sight, sound, and connotation.

18. In fact, the two names sound confusingly similar when read aloud in radio advertisements.

19. Defendants' advertising and sale of "Kermato" tomato juice cocktail using a name that is confusingly similar to the Clamato® Trademark is likely to cause confusion among consumers and potential consumers of Clamato® tomato juice cocktail.

20. Specifically, Defendants' conduct is likely to cause initial interest confusion, point of purchase and post-sale confusion, mistake, and deception among customers and potential customers by creating the false belief that Kermato tomato cocktail juice products are made by or affiliated with Clamato®.

21. Defendants' use of a name that is confusingly similar to the Clamato® Trademark capitalizes on the goodwill that Mott's has worked diligently to create and maintain over decades as a result of extensive time and millions of dollars invested in the Clamato® Trademark.

22. Mott's has suffered injuries as a direct and proximate result of Defendants' misconduct and unlawful use of a name that is confusingly similar to the Clamato® Trademark.

23. Specifically, Mott's has suffered lost or diverted sales, significant economic and noneconomic injuries, including the loss of its goodwill and brand recognition.

24. Plaintiff's injuries will continue until Defendants cease using a name that is confusingly similar to the Clamato® trademark.

## IV. CAUSES OF ACTION

### COUNT ONE: INFRINGEMENT OF U.S. TRADEMARK NO. 699,486

25. Plaintiff repeats the assertions in the foregoing paragraphs as though fully set forth in their entirety herein.

26. Clamato® is a registered trademark, and it is protectable and enforceable against Defendants. Plaintiff is the owner and senior user of the Clamato® Trademark.

27. Defendants have continually infringed upon Plaintiff's rights in violation of 15 U.S.C. §1114 by using a name ("Kermato") confusingly similar to the Clamato® Trademark.

28. Defendants' sales of products with the confusingly similar "Kermato" name is likely to cause confusion or mistake as to the source of Defendants' tomato juice cocktail. Defendants' use of the confusingly similar "Kermato" name in connection with selling tomato juice cocktail in this district and elsewhere in the United States constitutes infringement of the Clamato® Trademark.

29. As a direct and proximate consequence of the acts of infringement by the Defendants, knowingly and directly, Plaintiff is being injured.

30. Unless such acts and practices are enjoined by the Court, Plaintiff will continue to suffer injury and damages to its business and property rights.

31. Defendants' infringing acts and practices have caused, are causing, and, unless enjoined by this Court, will continue to cause immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law.

32. Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

33. The injury and damage to Plaintiff outweighs any hypothetical damage that an injunction may cause Defendants.

34. The public interest favors the issuance of an injunction in this case.

35. Defendant Eloro adopted and began using the confusingly similar "Kermato" name to market and sell tomato juice cocktail with full knowledge of the Clamato® Trademark and intended to capitalize on consumer confusion. Thus, Defendant Eloro's infringement is willful.

36. Plaintiff has no adequate remedy at law for Defendants' ongoing wrongful conduct.

37. In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendants should be preliminarily and upon hearing, permanently enjoined from using the "Kermato" name or any variation thereof that is confusingly similar to the Clamato® Trademark, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, or to otherwise market, advertise, or identify Defendant's tomato juice cocktail.

### COUNT TWO: COMMON LAW TRADEMARK INFRINGEMENT UNDER TEXAS LAW

38. Plaintiff repeats the assertions in the foregoing paragraphs as though fully set forth in their entirety herein.

39. Plaintiff is the owner of the Clamato® Trademark.

40. Plaintiff began using the Clamato® Trademark in Texas before the Defendants began using the "Kermato" name in Texas. Therefore, Plaintiff is the senior user of the Clamato® Trademark and enjoys legal priority over Defendants.

41. Defendants' use of the confusingly similar "Kermato" name in connection with selling tomato juice cocktail in this district and elsewhere in the United States constitutes infringement of Plaintiff's common-law rights to the Clamato® Trademark.

42. Defendants' use of the confusingly similar "Kermato" name is likely to cause confusion or mistake as to the source of Defendants' tomato juice cocktail.

43. Under Texas common law, Defendants should be preliminarily and permanently enjoined, upon hearing, from using the Clamato® Trademark or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, trade name component, or domain name to market, advertise, or identify Defendants' tomato juice cocktail.

44. Plaintiff has been damaged by Defendants' actions.

45. Under Texas law, Plaintiff is entitled to recover actual damages and exemplary damages due to the knowing, willful, and intentional nature of Defendants' actions.

### COUNT THREE: VIOLATION OF THE TEXAS ANTI-DILUTION STATUTE

46. Plaintiff repeats the assertions in the foregoing paragraphs as though fully set forth in their entirety herein.

47. Defendants' conduct described above is likely to injure Plaintiff's business and dilute the distinctive quality of Plaintiff's trademark in violation of TEX. BUS. & COM. Code § 16.103.

48. The Clamato® Trademark is owned by Plaintiff and registered with the U.S. Patent & Trademark Office. *See* Exhibit 1.

49. The Clamato® Trademark is widely recognized by the public throughout this district and the United States. The trademark has been used since the 1960's and has remained widely known ever since; it has become famous.

50. Defendant Eloro began infringing upon the Clamato® Trademark in the United States in 2015. Upon information and belief, Defendant Vilore began infringing more recently, within the last year. The Clamato® Trademark was widely recognized in this district by that time.

51. Given Defendants' knowledge of the Clamato® Trademark and tomato juice cocktail at the time Defendants began selling or distributing "Kermato" in Texas, Defendants' violation of the Texas Anti-Dilution Statute has been willful.

52. Plaintiff has been and will continue to be irreparably harmed and damaged by Defendants' conduct, and Plaintiff lacks an adequate remedy at law to compensate for this harm and damage.

## COUNT FOUR: UNFAIR COMPETITION

53. Plaintiff repeats the assertions in the foregoing paragraphs as though fully set forth in their entirety herein.

54. Defendants' unlawful conduct and use of a name that is confusingly similar to Plaintiff's Clamato® Trademark unjustly profits from the goodwill created and maintained by Plaintiff and constitutes unfair competition under the common law of the State of Texas.

55. Plaintiff's Clamato® Trademark is valid and enforceable.

56. Defendants are unfairly competing with Plaintiff by Defendants' unauthorized use of a name that is confusingly similar to Plaintiff's Clamato® Trademark in this district.

57. Plaintiff has suffered damages as a direct and proximate result of Defendants' unauthorized use of a name that is confusingly similar to Plaintiff's Clamato® Trademark, including but not limited to, loss of sales, dilution of the Clamato® Trademark, dilution of the value of the Clamato® Trademark and loss to Plaintiff's goodwill and reputation.

58. Defendants have been unjustly enriched by their acts of unfair competition.

59. Plaintiff has been and will continue to be irreparably harmed and damaged by Defendants' conduct, and Plaintiff lacks an adequate remedy at law to compensate for this harm and damage.

## V. JURY DEMAND

60. In accordance with FED. R. CIV. P. 38(b), Plaintiff demands a trial by jury on all issues.

## VI. PRAYER FOR RELIEF

61. Plaintiff prays for the following judgment and relief:

(i) A judgment that Defendants have infringed, directly and indirectly, the Clamato® Trademark rightfully owned by Plaintiff;

(ii) A judgment and order preliminarily and permanently enjoining Defendants, their employees and agents, and any other person(s) in active concert or participation with Defendants from infringing, directly or indirectly, the Clamato® Trademark;

(iii) A judgment and order requiring Defendants to pay Plaintiff's damages, including enhanced damages under 15 U.S.C. § 1114 and supplemental damages for any continuing post-verdict infringement up until entry of final judgment with an accounting as needed together with prejudgment and post-judgment interest;

(iv) An award of attorneys' fees pursuant to 15 U.S.C. § 1114 or as otherwise permitted by law;

(v) A judgment and order preliminarily and permanently enjoining Defendants, their employees and agents, and any other person(s) in active concert or participation

PAGE 9

with Defendant from further actions in violation of the Lanham Act, pursuant to 15 U.S.C. § 1116, including but not limited to: (1) prohibiting Defendants from, directly or indirectly, using any false or misleading description, statement and/or representation of fact in connection with Defendants' products or services; and (2) requiring Defendants to undertake corrective advertising to remedy their false and misleading advertising;

(vi) A judgment and order requiring Defendants to pay: (1) Plaintiff's damages, including any gains, profits, advantages obtained by Defendants as a result of their acts and omissions; and (2) any actual and statutory damages Plaintiff sustained as a result of Defendants' acts, including treble damages, together with prejudgment and post-judgment interest;

(vii) Any and all costs of this action pursuant to applicable law including 15 U.S.C. § 1117;

(viii) Pre-judgment and post-judgment interest to the extent allowed by law; and

(ix) Any and all further relief, in law or in equity, that this Honorable Court deems appropriate on behalf of Plaintiff.

Dated: May 29, 2020	Respectfully submitted,

/s/ Aaron Davidson

Aaron Davidson
Texas Bar No. 24007080
adavidson@coleschotz.com
COLE SCHOTZ, P.C.
901 Main Street, Suite 4120
Dallas, Texas 75202
Tel: (469) 557-9390
Fax: (469) 533-1587

*Attorney for Plaintiff Mott's LLP*

# EXHIBIT 1

# United States Patent Office

**699,486**
Registered June 14, 1960

## PRINCIPAL REGISTER
### Trademark

Ser. No. 40,657, filed Nov. 14, 1957

## CLAMATO

McCormick & Company, Incorporated (Maryland corporation)
Baltimore, Md., assignee of
Cape Cod Cooks, Inc. (Massachusetts corporation)
Sandwich, Mass.

For: MIXTURE OF TOMATO JUICE AND CLAM JUICE, in CLASS 46.
First use Oct. 30, 1957; in commerce Nov. 12, 1957.

JUN 24 1965
COMB. AFF. SEC 8 & 15